UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALYSSA HYNEY and HEIDE WINKLEMAN, individually and on behalf of all other persons similarly situated who were employed by DIAMOND DOLLS, INC. and/or any other entities affiliated with or controlled by DIAMOND DOLLS, INC.

Plaintiffs,

-against-

DIAMOND DOLLS, INC., and any related entities,

Defendant.

**COMPLAINT**
**FLSA COLLECTIVE ACTION**
**and**
**CLASS ACTION**

Docket No.: 6:24-cv-575 (BKS/MJK)

**JURY TRIAL DEMANDED**

---

Named Plaintiffs Alyssa Hyney and Heide Winkleman ("Named Plaintiff's"), by their attorneys Gattuso & Ciotoli, PLLC; allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1.      This action is brought with regard to the workplace rights of entertainers at "Diamond Dolls" located at 6720 Townline Rd, Syracuse, NY 13211. Defendant operates an adult entertainment establishment under the name "Diamond Dolls" located at 6720 Townline Rd, Syracuse, NY 13211 and is in violation of workplace rights for their entertainers.

2.      Entertainers, including Plaintiffs and former coworkers, work in an "unorganized" industry where many workers are "disenfranchised" by the wide disparities in bargaining power between workers and club owners. *See* Holly Wilmet, *Naked Feminism: The Unionization of the Adult Entertainment Industry,* 7 Arn. U. J. Gender Soc. Pol'y & L. 465, 466 (1999). *See also* Margot Rutman, *Symposium: Exotic Dancers' Employment Law Regulations,* 8 Temp. Pol. & Civ. Rts. L.

Rev. 515, 527-28 (Spring 1999); Carrie Benson Fischer, *Employee Rights in Sex Work: The Struggle for Dancers' Rights as Employees,* 14 L. & Ineq. J. 521 (June 1996).

3.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 201, 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142 *et. seq.* to recover unpaid wages and overtime compensation as well as related damages owed to the Plaintiffs and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed by Diamond Dolls, Inc., (hereinafter "Defendant") in trades and occupations entitled to receive overtime compensation.

4.      Beginning in approximately April 2018, and upon information and belief, continuing through the present, Defendant has engaged in a policy and practice of improperly classifying its entertainment employees as "independent contractors", without providing minimum wage compensation or, when appropriate, overtime compensation as required by applicable federal and state law.

5.      Beginning in approximately April 2018, and upon information and belief, continuing through the present, Defendant has engaged in a policy and practice of improperly deducting "fines", "fees", "house fees" "tip outs" and miscellaneous improper surcharges from their entertainment employee earnings.

6.      Under the direction of the Defendant, corporate officer, and/or director, Defendant instituted this practice of depriving their employees of the basic compensation for work performed as mandated by federal and state law.

7.      Beginning in April 2018 and continuing through the present, Defendant has engaged in a policy and practice of depriving its employees of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

8.      Beginning in April 2018 and continuing through the present, Defendant has engaged in a policy and practice of requiring its employees to regularly work in excess of 40 hours per week, without providing overtime compensation as required by the applicable federal and state laws.

9.      Upon information and belief, Defendant also failed to provide appropriate wage notices and pay statements to Named Plaintiffs and those similarly situated as required under NYLL.

10.     Upon information and belief, Defendant has failed to pay entertainers the NYLL statutory minimum hourly wage and fails to pay them at a proper overtime rate for all hours they work in excess of 40 hours per week.

11.     Upon information and belief, Defendant collects an unlawful "house fee" from entertainers for each shift that they work.

12.     Upon information and belief, Defendant strongly recommends entertainers to share their tips with workers who do not provide customer service and who are paid an hourly wage.

13.     Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including straight time wages, minimum wages and overtime compensation, as well as improper deductions from wages, of which they were deprived, plus statutory damages, interest, and attorneys' fees and costs.

**JURISDICTION**

14.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

15.     The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

16.     The statute of limitations under New York Labor Law § 198(3) is six (6) years.

**VENUE**

17.     Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

**THE PARTIES**

18.     Named Plaintiff Alyssa Hyney is an individual who is currently a resident of Oneida County, New York, and was employed by Defendant as an entertainment employee from approximately October 2022 through December 2022 and from January 1, 2024, through March 13, 2024.

19.     Named Plaintiff Hyney is a covered employee within the meaning of the FLSA and the NYLL.

20.     Named Plaintiff Heide Winkleman is an individual who is currently a resident of Oneida County, New York, and was employed by Defendant as an entertainment employee from approximately March 2018 to March 18, 2024.

21.     Named Plaintiff Winkleman is a covered employee within the meaning of the FLSA and the NYLL.

22.     Upon information and belief, Defendant Diamond Dolls, Inc. is a domestic corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 6720 Townline Rd, Syracuse, NY 13211.

23.     At all times relevant to this action, Defendant was Plaintiff's employer as defined by NYLL §§ 2(6), 190(3), and 651(6), as well as 29 U.S.C. § 203, *et seq.*

## CLASS ACTION ALLEGATIONS

24.     Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

25.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

26.     This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendant as entertainment employees.

27.     Named Plaintiffs and those similarly situated who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA and NYLL by failing to pay Named Plaintiffs and those similarly situated, neither the applicable minimum wage for all hours worked or overtime hours at one and one-half times the minimum wage for all hours worked in excess of 40 in a week.

28.     The putative class is so numerous that joinder of all members is impracticable.  The size of the putative class is believed to be hundreds of employees.  Additionally, the names of all potential members of the putative class are not presently known.

29.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.  These questions of law and fact include but are not limited to:

(1) whether Defendant failed to pay Plaintiffs and those similarly situated, the appropriate minimum wage for hours up to 40 in a week and overtime wages for all hours worked in excess of 40 in a week;

(2) whether Defendant failed to provide Plaintiffs and those similarly situated with proper wage notices and wage statements during the time of their employment;

(3) whether Defendant violated NYLL Article 6, §§190 *et seq.,* and Article 19, §§650*et seq.,* and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. ("NYCRR"), Title 12, Parts 137, as alleged herein;

(4) whether it was Defendants' policy or practice to make unlawful deductions from the wages of Plaintiffs and the putative collective and Rule 23 Class;

(5) whether it was Defendants' policy or practice to fail to provide Plaintiffs and the putative Rule 23 Class spread-of-hours compensation as required by the NYLL;

(6) whether it was Defendants' policy or practice to fail to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL;

(7) whether it was Defendants' policy or practice to fail to comply with the posting and notice requirements of the NYLL;

(8) whether it was Defendants' policy or practice to fail to furnish Plaintiff and the Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL; and

(9) the nature and extent of class-wide injury and the measure of damages for those injuries.

30.     The claims of the Plaintiffs are typical of the claims of the putative class members. Named Plaintiffs and putative class members were all subject to Defendant's policies and willful practice of failing to pay regular and/or minimum wages, failure to pay overtime wages for all

hours worked, improperly deducting "fines", "fees", "house fees" "tip outs" and miscellaneous improper surcharges, as well as Defendant's failure to provide wage notices as required by NYLL.

31.     Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.  Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

32.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff's and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendant.  A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendant's policies.

## COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiffs bring the following causes of actions, FSLA claims, on behalf of themselves and all similarly situated persons who have worked at Diamond Dolls as entertainers and who elect to opt into this action.

34.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. Upon information and belief, there are many similarly situated current and former employees of Diamond Dolls who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA collective pursuant to 29 U.S.C. §216(b).

35.     Throughout the relevant time period, Defendant has applied the same policies regarding overtime compensation, minimum wages, deductions from wages, misappropriated

tips, and other time keeping and compensation policies to Plaintiffs and their coworkers at Diamond Dolls.

## **CLASS-WIDE FACTUAL ALLEGATIONS**

36.     Named Plaintiffs and the members of the Rule 23 Class and the FLSA collective (collectively "Class Members") have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA and the NYLL by denying them a minimum wage and proper overtime compensation.

37.     At all times, Defendants' unlawful conduct, policies, and patterns or practices described in this complaint have been willful.

## **Wage and Hour Violations**

38.     As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly harmed Named Plaintiffs and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL as described in this Class Action Complaint. This pattern, practice, and/or policy includes, but is not limited to the following:

a.  making deductions from Named Plaintiffs and Class Members' wages including but not limited to requiring them to pay "house fees";

b.  failing to keep accurate and adequate records of tips and wages paid to Named Plaintiffs and Class Members, deductions taken from their tips and wages, allowances or other credits taken by Defendant, and hours worked by Named Plaintiffs and Class Members as required by the FLSA and the NYLL;

c.  failing to comply with the posting and/or notice requirements of the FLSA and the NYLL;

d.  failing to pay Named Plaintiffs and Class Members at least the applicable minimum hourly wage rate free and clear under the FLSA and the NYLL for all hours worked;

e.  failing to pay Named Plaintiffs and Class Members proper overtime compensation for the hours they worked in excess of 40 hours in a workweek;

f.  failing to pay Named Plaintiffs and Class Members spread-of hours pay for shifts worked of 10 hours or more;

g.  unlawfully demanding, retaining, and receiving portions of the pay that Named Plaintiffs and Class Members earned;

h.  demanding, accepting, and/or retaining service charges paid by customers that Defendant represented and/or allowed customers to believe were gratuities for Named Plaintiffs and Class Members, and which, upon information and belief, customers reasonably believed to be gratuities for Plaintiff's and Class Members;

i.  Strongly recommending Named Plaintiffs and the Class Members to share their tips with management, agents of management, and/or other employees who are not busboys or similar employees, and/or who are not in customarily tipped positions, and/or who have no, or virtually no, customer service duties.

39.    Upon information and belief, Defendant's unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees' compensation by knowingly violating the FLSA and NYLL

40.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

41.    Defendant's unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Named Plaintiff's and the Class Members. Defendant was aware or should have been aware that the practices described

9

in this Class Action Complaint were unlawful. Defendant has not made a good faith effort to comply with the law with respect to the compensation of Named Plaintiff's and the Class Members.

42.     Because Defendant's violation of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

43.     Defendants' deceptive conduct prevented Named Plaintiff's and the Class Members from discovering or asserting their claims any earlier than they did including but not limited to taking steps to lead Named Plaintiff's and Class Members to believe that they were independent contractors and not employees.

**<u>Supervision and Control of Named Plaintiffs and Class Members</u>**

44.     Defendant had/has the power to hire and fire Named Plaintiffs and the Class Members.

45.     Defendant supervised and controlled Named Plaintiffs and the Class Members' schedules and conditions of work, including posting a schedule, which is included herein, for the Named Plaintiffs and Class Members to choose shifts after which they were committed to.

## ENTERTAINER SCHEDULE

| NAME | MON 3/25 | TUES 3/26 | WEDS 3/27 | THUR 3/28 | FRI 3/29 | SAT 3/30 |
|---|---|---|---|---|---|---|
| Aaliyah | | 8-2 | 8-2 | | 9-2 | 9-2 |
| Brianna | | | | | | |
| Dutchess | | | | | | |
| Cortney | | oorn! xxx | | | | |
| Eden | | | | | | |
| Faith | | | | | | |
| Gigi | 12-7 | 12-7 | 12-7 | 12-7 | 12-7 | 12-7 |
| Heidi | | | | | | |
| Khaos | | | 8-1 Day Cook | | | |
| Marie | | | | | | |
| Mimi | 2-7 | / | 1-7 | 1-7 | 12-5 | 7-12 |
| Missy | | 12-7 | | 12-7 | 12-7 | |
| Nala | | | 8-1 | | | |
| Pandora | | 12-5 | 12-5 | | 12-5 9-cl | 12-5 9-cl |
| Psychadelic | | 8-1 | 8-1 | | 8-1 | 8-1 |
| Quinn | | | | | | |
| Reign | NIGHT | NIGHT | NIGHT | NIGHT | NIGHT | NIGHT |
| Shay | | | Bar Day | | Bar Day | |
| Vanessa | Bar Night | Bar Night | Kitchen night | Bar Night | | Kitchen Night |
| Vixen | | | 6-1 | | | |
| Yumi | | | | | | |
| | | | | | | |

11

46.     Defendant implemented rules that governed Named Plaintiffs and Class Members' working conditions.

47.     Among other things, Defendant required Named Plaintiffs and the Class Members to follow its rules according to a blackboard posted in the dressing room, which is included herein, which comprised:

      a.   Tip out Bartender, DJ, Bouncer and Cook;
      b.   Limit contact on the stage and floor, No table dances!;
      c.   "Seal the deal in 15 min or walk";
      d.   No vaginas ever anywhere;
      e.   No going outside with customers;
      f.   Limit the smoke room to 10 minutes, 2 girls on the floor at all times;
      g.   No whips, dom or roleplay in the small or medium rooms;
      h.   No whining, bitching or complaining to customers.



48.     Additionally, Defendant posted a sign prohibiting Named Plaintiffs and Class Members from wearing street shoes on stage, this is included herein.



49.    Defendant "frowned upon" Named Plaintiffs and the Class Members from working at competing clubs during the same period as they worked for Defendant.

50.    Defendant determined the rate and method of payment of Named Plaintiffs and the Class Members, including but not limited to the fact that the Named Plaintiffs and the Class Members would not receive any minimum wages.

51.    Defendant provided the required equipment needed for the $150 private dance room for Named Plaintiffs and the other Class Members to use while in this private room. This included, but is not limited to, belts, scarves, whips, lotions and cuffs.

## FACTS

52.     The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

53.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

54.     Upon information and belief, beginning in or about April 2018, the Defendant employed numerous individuals at "Diamond Dolls" as entertainers.

55.     Named Plaintiff Alyssa Hyney was employed by Defendant as an entertainment employee from approximately October 2021 through December 2021 and January 2024 through March 13, 2024.

56.     During the time from January 2024 through March 2024, Named Plaintiff Hyney worked 12:00 p.m. to either 5:00 p.m.  or 7:00 p.m. She worked approximately 140 hours in January and 140 hours in February. She was on track to work 140 hours in March until her termination on March 13, 2024. The total compensation she received for these shifts was in the range of $25.00-$40.00.

57.     Named Plaintiff Heide Winkleman was employed by Defendant as an entertainment employee from approximately March 2018 to March 18, 2024. She typically worked 12:00 p.m. to either 5:00 p.m. or 7:00 p.m. The total compensation she received for these shifts was in the range of $25.00-$40.00.

58.     Their duties included dancing onstage for customers. For this they could receive and keep tips. Their duties also included private dances in rooms on premises. Named Plaintiffs were improperly compensated as independent contractors.

59.     The compensation for private dances varied as there were three different private rooms. One room cost the customer $50, which was only a five-minute private dance room, another cost the customer $100 for a 15-minute dance and another room cost $150 for a 15-minute dance.

60.     If Named Plaintiffs worked the $50 room, they would receive $15 from the $50 paid, but when they worked the $100 or $150 room, they would receive $45 for their first dance and $75 for each dance thereafter during their shift.

61.     Therefore, when they worked in the $50 room, they received $15 and the other $35 went to "house fees".

62.     When they worked in the $100 room, they received $45 for the first dance, paying $55 in "house fees" and then $75 for each dance after this, paying $25 in "house fees".

63.     When they worked in the $150 room, they received $45 for the first dance, paying $105 in "house fees" and then $75 for each dance after this, paying $75 in "house fees".

64.     Named Plaintiffs were told these were "house fees", and nothing more. In addition, Named Plaintiffs and other similarly situated employees were strongly encouraged to tip the Bartender, DJ, Bouncer and the cook, who were all hourly paid employees.

65.     This action is brought on behalf of Named Plaintiffs and a putative class and collective consisting of similarly situated employees who worked for Defendant as entertainment employees.

66.     While working for Defendant, Named Plaintiffs and other similarly situated employees were regularly required to perform work for Defendant without receiving pay for all hours worked and overtime compensation when appropriate, as required by applicable federal and state law.

16

67.     Upon information and belief, Named Plaintiffs and all members of the putative class constitute "employees" as the term is defined in the Fair Labor Standards Act and Article 6 of the New York Labor Law.

68.     The payments made to, and gratuities received by, Named Plaintiffs and other members of the putative class by Defendant constitute wages as the term is defined under the Fair Labor Standards Act and New York Labor Law.

69.     Upon information and belief, Defendant engaged in a regular pattern and practice of making deductions from the earned wages of Named Plaintiffs and other members of the putative class for reasons other than those allowed under New York Labor Law §193, in violation of said section. These deductions include but are not limited to deductions from gratuities provided by Defendants' patrons in violation of New York Labor Law §196-d, "house fees", and other improper deductions.

70.     Upon information and belief, while working for Defendant, Named Plaintiffs and the members of the putative class did not receive all earned overtime wages, at the rate of one- and one-half times the regular rate of pay, for the time in which they worked after the first 40 hours in any given week.

71.     Upon information and belief, Defendant willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Acts and New York Labor Law by failing to maintain proper and complete timesheets or payroll records.

72.     Defendant did not pay Named Plaintiffs and members of the putative class the proper minimum wage or overtime wages when required for time they worked.

73.     Defendant unlawfully demanded, retained, or received portions of the money that Named Plaintiffs and members of the putative class earned.

17

74.     Defendant did not pay Named Plaintiffs and members of the putative class proper overtime compensation for time that they worked more than 40 hours per week.

75.     Defendant made unlawful deductions from Named Plaintiffs' and members of the putative class's wages.

76.     Defendant required Named Plaintiffs and members of the putative class to pay "house fees".

77.     Defendant failed to pay Named Plaintiffs and members of the putative class service charges that led customers to believe they would pay them and other entertainers.

78.     Defendant did not keep accurate records of wages or tips earned, or of hours worked by Named Plaintiffs.

79.     As a result, Named Plaintiffs and members of the putative class were routinely not paid for all hours worked at times deprived of appropriate overtime compensation and paid "house fees", and other improper deductions.

## FIRST CAUSE OF ACTION
## FLSA MINIMUM WAGE COMPENSATION

80.     The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

81.     The Named Plaintiffs and similarly situated hourly employees of Defendant bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

82.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

83.     At all times relevant, Named Plaintiffs and the FLSA Collective members were employed by an entity engaged in commerce and/or the production or sale of goods for commerce

within the meaning of 29 U.S.C. §§ 203(e),(m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

84.    At all times relevant, Named Plaintiffs and the FLSA Collective members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

85.    Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

86.    Diamond Dolls constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

87.    At all times relevant, Defendant has been an employer of Named Plaintiffs and the FLSA Collective members, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

88.    Defendant failed to pay Named Plaintiffs and the FLSA Collective members any minimum wages to which they are entitled under the FLSA.

89.    Defendant failed to pay Named Plaintiffs and the FLSA Collective members the minimum wages free and clear to which they are entitled under the FLSA.

90.    Defendant did not inform Named Plaintiffs and the FLSA Collective members of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

91.    Defendant failed to post and keep posted in a conspicuous place on the premises of their establishments a notice explaining the FLSA, as prescribed by the Wage and Hour Division

of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

92.     On this claim for relief, the Named Plaintiffs on behalf of themselves and other similarly situated employees of Defendant seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid to the Named Plaintiffs and other similarly situated employees.

93.     The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION
### FLSA OVERTIME COMPENSATION

94.     The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

95.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. *§§* 210 *et seq.,* and supporting federal regulations apply to Defendant and protect Named Plaintiff's and the FLSA Collective members.

96.     Defendant has failed to pay Named Plaintiff's and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours in a workweek.

97.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee

20

receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

98.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

99.     Named Plaintiffs and other members of the putative class are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

100.    Diamond Dolls constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

101.    The failure of Defendant to pay Named Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

102.    By the foregoing reasons, Defendant is liable to Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**FAILURE TO PAY MINIMUM WAGES UNDER NEW YORK LABOR LAW**

103.    The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

104.    Pursuant to Article Six of the New York Labor Law, workers, such as Named Plaintiffs and other members of the putative class action, are protected from wage underpayments and improper employment practices.

105.     Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

106.     As person employed for hire by Defendant, Named Plaintiffs and other members of the putative class action are "employees," as understood in Labor Law § 190.

107.     Pursuant New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

108.     As an entity that hired the Named Plaintiffs and other members of the putative class, Defendant is an "employer."

109.     The Named Plaintiffs and other members of the putative class agreed upon wage rate and/or overtime compensation rate constitutes "wages" within the meaning of New York Labor Law §§ 190, 191.

110.     Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Named Plaintiffs and other members of the putative class action are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

111.     Pursuant to New York Labor Law § 652 and the cases interpreting same, "Every employer shall pay to each of its employees for each hour worked a wage of not less than" the statutory minimum wage.

112.     In failing to pay the Named Plaintiffs and other members of the putative class proper wages for time worked in one week, Defendant violated New York Labor Law § 191, by failing to pay Named Plaintiffs and other members of the putative class all of their wages earned

within the week such wages were due, and violated Labor Law § 652, by failing to pay Named Plaintiffs minimum wages for all hours worked.

113.    Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Named Plaintiffs and other members of the putative class, that is not otherwise authorized by law or by the employee.

114.    By withholding wages for time worked in any given week from Named Plaintiffs and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendant made unlawful deductions in wages owed to Plaintiffs and other members of the putative class.

115.    Pursuant to New York Labor Law § 198, Named Plaintiffs and those similarly situated bring this action to recover wages to which they are entitled.

116.    Under NYLL, Named Plaintiffs and similarly situated hourly employees are entitled to a half hour break when their scheduled shift exceeds 6 hours.

117.    Additionally, Named Plaintiffs and similarly situated employees are also entitled to be paid for all hours worked and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

118.    Even though Named Plaintiffs and similarly situated employees are entitled a half-hour rest breaks, and to be paid for all hours worked including overtime rates for hours exceeding 40 per week, Defendant refused and continues to refuse to provide required breaks and failed and continues to fail to pay Named Plaintiffs and those similarly situated for all hours worked at the appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under to NYLL §§ 190, *et. seq.*, 650, *et. seq.*, and 19 NYCRR §§ 142, *et. seq.*

119.    Upon information and belief, Defendant willfully, purposefully, and maliciously failed to pay the required compensation or provided the required rest periods as articulated in this claim for relief.

120.    On this claim for relief, the Named Plaintiffs on behalf of himself and other similarly situated hourly employees of Defendant seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiffs and other similarly situated employees.

121.    The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the NYLL.

## FOURTH CAUSE OF ACTION
## NEW YORK OVERTIME COMPENSATION LAW

122.    The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

123.    12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

124.    New York Labor Law §663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

125.    Upon information and belief, Named Plaintiffs and other members of the putative class at times worked more than forty hours a week while working for Defendant.

126.    Upon information and belief, Named Plaintiffs and other members of the putative class did not receive the New York statutory minimum wages or overtime compensation for all hours worked after the first forty hours of work in a week.

127.    Consequently, by failing to pay to Named Plaintiffs and other members of the putative class the minimum wages and overtime compensation for work he performed after the first forty hours worked in a week, Defendant violated New York Labor Law § 663 and 12 NYCRR §142-2.2.

128.    Defendants' failure to pay wages and overtime compensation for work performed by Named Plaintiffs and other members of the putative class after the first forty hours worked in a week was willful.

129.    By the foregoing reasons, Defendant has violated New York Labor Law§ 663 and 12 NYCRR § 142-2.2 and is liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**FIFTH CAUSE OF ACTION**
**SPREAD OF HOURS PAY**

130.    The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

131.    Defendant has willfully failed to pay Named Plaintiffs and Rule 23 Class Members additional compensation of one hour's pay at the minimum hourly wage rate for each day during which they worked more than 10 hours.

**SIXTH CAUSE OF ACTION**
**UNLAWFUL WAGE DEDUCTIONS AND MISAPPROPRIATION**

132.    The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

133.   At all times relevant, Named Plaintiffs and Rule 23 Class Members have been employees within the meaning of Article 6 NYLL §§190, *et seq.,* and supporting New York State Department of Labor Regulations.

134.   At all times relevant, Defendant has been an employer within the meaning of Article 6 NYLL §§190, *et seq.,* and supporting New York State Department of Labor Regulations.

135.   The wage payment provisions of Article 6 of the NYLL and supporting New York State Department of Labor Regulations apply to Defendant and protect the Named Plaintiffs and the Class Members.

136.   By conduct described herein, Defendant made unlawful deductions from Named Plaintiffs and Class Member's wages in violation of Article 6 NYLL §193 and supporting New York State Department of Labor Regulations.

137.   Defendant unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiffs and Rule 23 Class Members in violation of Article 6 NYLL §196-d and supporting New York State Department of Labor Regulations.

138.   Defendant unlawfully retained part of the gratuities earned by Named Plaintiffs and Rule 23 Class Members in violation of Article 6 NYLL § 196-d and supporting New York State Department of Labor Regulations.

139.   Defendant failed to pay Named Plaintiffs and Class Members service charges that they led customers to believe would be paid to Plaintiffs and Rule 23 Class Members.

140.   Defendant required Named Plaintiffs and Rule 23 Class Members to share part of the gratuities they received with employees other than waiters, servers, busboys, or similar employees, in violation of NYLL §196-d and supporting New York State Department of Labor Regulations.

141.    Through their knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Named Plaintiffs and Rule 23 Class Members, Defendant has willfully violated the NYLL Article 6, § 196-d and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR § 137-2.5.

**SEVENTHH CAUSE OF ACTION**
**RECORDKEEPING VIOLATIONS**

142.    The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

143.    Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs and the Rule 23 Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL Article 19, §§650 *et seq.,* and supporting regulations, including 12 NYCRR §142-2.6(a)(4).

144.    Defendant failed to post in a conspicuous place in their establishments a notice issued by the New York Department of Labor explaining the NYLL minimum wage provisions, in violation of NYLL Article 19, §§650 *et seq.,* and supporting regulations including but not limited to 12 NYCRR §142-2.8.

145.    Defendant failed to post in a conspicuous place in their establishments a notice issued by the New York State Department of Labor summarizing the NYLL tipped minimum wage provision, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to 12 NYCRR §137-2.3.

146.    Defendant failed to furnish with every payment of wages to Named Plaintiffs and Rule 23 Class Members a statement listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and

supporting New York State Department of Labor Regulations including but not limited to 12 NYCRR §137-2.2.

### EIGHTH CAUSE OF ACTION
### FAILURE TO PROVIDE ANNUAL WAGE NOTICES AND
### PAY STATEMENTS UNDER NYLL

147.    The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

148.    Defendant has willfully failed to provide Named Plaintiffs and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

149.    Defendant has willfully failed to provide Named Plaintiffs and those similarly situated with proper and accurate pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; accurate recording of all hours due to be paid; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

150.    Named Plaintiffs, and those similarly situated, did not receive all required wage notices and pay statements during their employment with Defendant.

151.    Through their knowing or intentional failure to provide Named Plaintiffs with the wage notices and pay statements required by the NYLL, Defendant has willfully violated NYLL §§ 191(1) and (3) and the supporting New York State Department of Labor Regulations.

152.    According to NYLL § 198-1(b), Named Plaintiffs, and those similarly situated, are entitled to $50 for every day they did not receive a wage notice up to a total of $5,000, together with costs and reasonable attorney's fees.

153.    According to NYLL § 198-1(b), Named Plaintiffs, and those similarly situated, are entitled to $250 for every day they did not receive a proper and accurate pay statement up to a total of $5,000, together with costs and reasonable attorney's fees.

154.    By the foregoing reasons, Defendant violated NYLL §§ 195(1) and (3) and is liable to the Named Plaintiffs and members of the putative class pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## **JURY TRIAL DEMANDED**

Plaintiffs demands that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendant, demand judgment:

(1)    On the First Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the FLSA;

(2)     On the Second Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the FLSA;

(3)     On the Third Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law;

(4)     On the Fourth Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law;

(5)     On the Fifth Cause of Action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(6)     On the Sixth Cause of Action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(7)     On the Seventh Cause of Action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(8)     On the Eighth Cause of Action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(9)     That, at the earliest possible time, Named Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all entertainers / dancers who are presently, or have at any time during the six years immediately preceding the filing of this suit, up

30

through and including the date of this Court's issuance of court-supervised notice, worked at Diamond Dolls, Inc. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

(10)   Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting United States Department of Labor regulations;

(11)   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(12)   Designation of Named Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

(13)   Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Article 6, §§190 *et seq.,* NYLL Article 19, §§650 *et seq.,* and supporting New York State Department of Labor regulations;

(14)   Unpaid minimum wages and overtime pay pursuant to NYLL Article 19, §§ 650 *et seq.,* and supporting New York State Department of Labor regulations;

(15)   Reimbursement of all misappropriated tips, service charges, House Fees, and other unlawful deductions;

(16)   Pre-judgment interest and post-judgment interest;

(17)   An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

(18)   Reasonable attorneys' fees and costs of the action; and

(19)   Such other and further relief as this Court may deem just and proper.

31

Dated: Fayetteville, New York
      April 29, 2024

          By:     <u>*/s/ Frank S. Gattuso*</u>
                    Frank S. Gattuso
                    GATTUSO & CIOTOLI, PLLC
                    The White House
                    7030 E. Genesee Street
                    Fayetteville, New York 13066
                    315-314-8000
                    315-446-7521 (fax)
                    fgattuso@gclawoffice.com

                    *Attorneys for the Plaintiff's and putative class*